## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| SNAP EDGE CORPORATION | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 97-778 (JRT/RLE) |
| vs. | ) |
| | ) Judge John R. Tunheim |
| AVON PLASTICS, INC. | ) Magistrate Judge Raymond L. Erickson |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OF LAW IN SUPPORT MOTION
### TO REOPEN FILE TO ENTER JUDGMENT

This action was initiated on March 31, 1997 by service of Summons and Complaint. The Complaint alleged that the Defendant, Avon Plastics, Inc. ("Avon") had manufactured, sold or otherwise distributed certain devices that infringed patents held by the Plaintiff, Snap Edge Corporation. The parties quickly reached a negotiated settlement of the matter and on June 30, 1997 the Honorable John R. Tunheim entered an Order of Dismissal of the action. The Order of Dismissal provided that the Court retained jurisdiction for 45 days to permit any party to move to reopen the action or to submit a stipulated form of final judgment or to seek enforcement of the settlement terms.

On August 15, 1997, the parties entered into a Settlement Agreement wherein the Defendant, Avon, acknowledged that certain patents held by Snap Edge Corporation were valid and enforceable and that certain of its devices that it had either sold or manufactured infringed the patents held by Snap Edge Corporation. Avon further agreed to be enjoined from any further infringing activities of the patents held by Avon. On the same day, the Court entered an

Amended Order of Dismissal wherein the Court allowed the parties additional time in which to finalize the terms of their written agreement and enter a Consent Decree.

On September 4, 1997, the parties did enter into a Stipulation and Proposed Order for Consent Decree. The Stipulation and Proposed Order also provided that Avon acknowledged it had engaged in certain infringing activities and agreed to be enjoined from making, using or selling certain devices which infringed certain patents held by the Plaintiff. This Stipulation and Proposed Order is attached as Exhibit A to the Affidavit of Daniel C. Bryden. While the Stipulation and Proposed Order for Consent Decree was executed by counsel for both Plaintiff and Defendant, the parties failed to provide a signature line for the Court. Nonetheless, the Stipulation and Proposed Order for Consent Decree was forwarded to the Clerk of Court and on September 8, 1997 was stamped as an entered judgment.

As the failure to include the signature line for the Court was a mere oversight on behalf of the parties and whereas Snap Edge Corporation desires to enforce certain terms of the Consent Decree, Snap Edge Corporation requests that the Court reopen this matter for the limited purpose of allowing the Court to execute an order of judgment and based on the Consent Decree. See Proposed Order.

Dated: June 8, 2004

KELLY & BERENS, P.A.

By:  ____/s/ Madge S. Thorsen____
Madge S. Thorsen (#109666)
Daniel C. Bryden (#0302284)
3720 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 349-6171

**ATTORNEYS FOR PLAINTIFF
SNAP EDGE CORPORATION**

2